FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

APR 14 2003

[signature]
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

    Civ. No. 02-0943 JC/RLP
    Cr. No. 00-736 JC

PEDRO R. CAZARES,

    Defendant-Movant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1.     This is a proceeding on a Motion to Vacate, Set Aside or Correct Sentence and Conviction filed pursuant to 28 U.S.C. § 2255. Defendant is currently confined in the Reeves County Law Enforcement Center in Pecos, Texas. He attacks the judgment and sentence of the United States District Court for the District of New Mexico entered on June 19, 2001 in *United States v. Cazares*, Cr. No. 00-736 JC, [Cr. Doc.64].

2.     Mr. Cazares pled guilty to "Count V of a seven count Indictment, No. Cr. 00-736 JC, charging a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2, that being Distribution of Less Than 500 Grams of Cocaine, a Scheduled II Controlled Substance, and Aiding and Abetting. Plea Agreement [Cr. Doc. 33] at ¶ 3. The Plea Agreement further stipulated that Mr. Cazares was entitled to several reductions, *see id.*

---

[1] Within ten (10) days after a party is served with a copy of the "Magistrate Judge's Proposed Findings and Recommended Disposition" (the "Proposed Findings") that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections in the United States District Court to the Proposed Findings. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Proposed Findings. If no objections are filed, no appellate review will be allowed.

at ¶¶ 7(a)-(c), and determined that after taking these reductions into consideration, together with the amount of cocaine ("at least 500 net grams, but less than 2 net kilograms) the base offense level was 26. *Id.* at ¶ 7(d).

3. The Plea Agreement was dated September 8, 2000. It contained a waiver of appellate and collateral relief rights. *Id.* at ¶ 10 & 10(a). On May 4, 2001 new counsel for Mr. Cazares filed a Motion to Set Aside Plea [Cr. Doc. 57]. After a hearing, the Motion was denied on May 30, 2001 [Cr. Doc. 61]. Mr. Cazares appealed the denial of his motion. *See United States v. Cazares*, 2003 WL 894064 (10th Cir. 2003) (unpublished opinion). The Tenth Circuit Court of Appeals affirmed the district court's ruling. *Id.*

4. In his § 2255 Motion, Mr. Cazares asserts that he received ineffective assistance of counsel for counsel's failure to object to the sentencing range applied under the <u>Sentencing Guidelines</u>. He asserts that the wrong base level was applied as well as an incorrect determination of the amount of drugs, which he contends was less than 500 grams of cocaine.

5. To prevail on an ineffective assistance of counsel claim, a defendant must show *both* (1) that his counsel's performance fell below an objective standard of reasonableness; and (2) that but for this deficient performance, the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 688 & 694 (1984). When a defendant pleads guilty, he must show that there is a reasonable probability that, but for counsel's ineffective assistance, he would have proceeded to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

2

6. The Government argues that the Plea Agreement signed by Mr. Cazares waives his right to bring this § 2255 Motion. A valid waiver operates as a contractual limitation on the right to appeal. *United States v. Hernandez*, 134 F.3d 1435, 1436-38 (10th Cir. 1998). The decision to enforce the waiver is subject to a number of policy considerations, including whether the agreement was entered into without effective assistance of counsel. *United States v. Black*, 201 F.3d 1296, 1301 (10th Cir. 2000). However, a defendant's knowing and voluntary waiver of his right to appeal is enforceable. *Id.* at 1300.

7. A review of the Plea Agreement and the Presentencing Report indicates that the amount of drugs in question was between at least 500 grams but less than 2 kilograms of cocaine and that Mr. Cazares received several reductions from the base level of 26 as stated in the Plea Agreement. There is simply nothing in the record to indicate that Mr. Cazares received exactly what he bargained for. As such, Mr. Cazares' claims are without merit.

## RECOMMENDED DISPOSITION

I recommend that the Motion to Vacate, Set Aside or Correct Sentence and Conviction be denied and this case dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge